THE STATE ex rel. BROWN, Collector of Lincoln County, v. MIKE DUMPHY, Appellant.

**Division One, January 14, 1909.**

1. **DRAINAGE DISTRICT: Assessment: Set-Off: Appropriation of Existing Levee.** The value of an existing levee, belonging to a landowner and appropriated by the drainage district, cannot be set off and credited on the benefit assessment assessed against him, when he is sued by the county collector for the amount of the delinquent assessment. The collector has no interest in the taxes and can sue only as a trustee for the true owners, who, in reality, are the persons who performed the labor and furnished the materials that went into the levees and ditches.

2. ————: ————: ————: ————: **Under Agreement.** An answer, to the collector's suit to collect a delinquent benefit assessment assessed against a landowner of the legally incorporated drainage district, which pleads that he had at his own expense constructed a levee that fully protected his lands from overflow, and that the promoters of the new drainage district agreed with him that if he would sign the petition therefor they would allow him upon the benefits assessed against his lands for the construction of the new and larger levee the reasonable value of the old levee appropriated by the district, and that the commissioners made use of the old levee and being informed of the agreement ratified it and promised to ascertain such value and credit him with the amount thereon on assessments against his land, does not state a defense, and was properly stricken out.

Appeal from Pike Circuit Court.—*Hon. D. H. Eby,* Judge.

AFFIRMED.

*Peter T. Barrett* and *Geo. W. Emerson* for appellant.

*O. H. Avery, W. A. Dudley* and *J. D. Hostetter* for respondent.

WOODSON, J.—This is the second case mentioned in and tried with the case of this plaintiff v. A. C. Wilson, *ante*, page 215.

The petition is the same as in the other cases except as herein stated. The land sought to be charged with lien in this case is described as Lot 3, Dalton tract, Survey 1756, Township 49, Range 3 E., Lincoln county, Missouri, and five acres S. E. Corner W. end Lot 6, Survey 742, same county and State. The total amount sued for being $335.49, with interest, penalties and costs. There is no count in this petition for the first and second installments of the first assessment. The amount sought to be recovered on the first count in the petition being $122.38 for both tracts, and being for the third installment of the first assessment, with interest from January 11, 1896. The second count being for the sum of $122.38, and being for the fourth installment of the first assessment, with interest thereon from July 1, 1896, and the third count being for $90.73, and being the first installment of the second assessment, with interest thereon from September 1, 1898. And in each of said counts the plaintiff also seeks to recover penalties and costs.

The answer filed in this case is the same in all respects as the one filed in that case, with this exception—the following additional allegations appear in this and not in that answer:

"For further answer and defense to the —— counts of said petition defendants says that long prior to the alleged establishment of the Cap-Au-Gris Drainage and Levee District, to-wit, about the year 1887, he and other landowners along the Mississippi river built and erected at great expense to defendant along said river and the lands of defendant and others, a substantial and permanent embankment or levee, and thereafter, and up to the taking and appropriating of the same by said Cap-Au-Gris Drainage and Levee District as hereinafter stated, kept up and

maintained the same at great expense to defendant. That said levee and embankment so built and maintained by defendant and others on and over their said lands and along said river fully and perfectly kept back and off of defendant's lands the water from said river, and was so constructed and maintained as to give to defendant ample security and protection to his said land from overflow and surface water and was so constructed that the maintenance thereof for a great number of years would have been but a trifling cost and expense to defendant. That in the construction, building and maintenance of said old levee on and over his said land the defendant paid out and expended at least the sum of ——— dollars.

"That at the time of the commencement of the proceeding in the county court of Lincoln county for the establishment of the said Cap-Au-Gris Drainage and Levee District, to-wit, about the year 1893, the levee and embankment heretofore built and maintained by defendant and others, which is designated herein as the 'Old Levee,' was in good condition and fully protected defendant's said lands from overflow and surface water and could have been maintained in that condition for a great number of years at a little or no cost to defendant. That outside of the lands so protected by said old levee, and adjoining thereto, was a large body of low bottom lands subject to overflow and unprotected. That the owners of said low unprotected bottom lands became desirous of having their lands protected from overflow by levees, and wishing to appropriate for the benefit of their lands the old levees built by the defendant and others, became promoters in a scheme and plan to organize and establish a new Drainage and Levee District to be known as the 'Cap-Au-Gris Drainage and Levee District,' inclosing their lands by new levees, joined on to said 'Old Levee,' making said 'Old Levee' a

part of the system by using and appropriating the same.

"That in order to induce defendant and other landowners in said levee to consent to said scheme and plan, and consent to the use and appropriation of said 'Old Levee' by the proposed new district, it was stated and represented to them by said unprotected landowners, the promoters of said scheme and plan to form a new district, that if they would consent, the quantity of said 'Old Levee' on each owner's land so used and taken by said new district would be ascertained and determined by measurement and the value thereof estimated and fixed, and the value to each of said 'Old Levee' owners when so ascertained, should be allowed to each and taken and accepted as a credit and payment on such assessments and benefits as should thereafter be made by said new district against the lands of defendant and other 'Old Levee' owners. That defendant at first refused to consent to have his lands included in said proposed new district or to consent to the use and appropriation of said 'Old Levee' by said new district, but after repeated and positive assurances from the promoters of said new district that the value of said 'Old Levee' to defendant and each of the other landowners in said 'Old Levee' should be ascertained and determined and when so ascertained should be allowed and taken and accepted as a credit and payment on such assessments and benefits as should thereafter be charged against their lands by said proposed new district, and believing and relying upon such assurances, he did finally consent to the use and appropriation of said 'Old Levee' by said new district.

"That thereafter the commissioners acting and appointed for said Cap-Au-Gris Drainage and Levee District, and before any assessments or benefits and damages were made, were informed and made acquainted with the terms and conditions upon which

defendant and other owners of said 'Old Levee' gave
their consent to the use of said 'Old Levee' by said
new district, and being fully advised therein consented
and agreed thereto, and then and there on behalf
of said Cap-Au-Gris Drainage and Levee District
promised and agreed with defendant and other owners
of said 'Old Levee' that if they, the owners of said
'Old Levee,' would consent and agree for said com-
missioners to take, appropriate and use said 'Old
Levee' as a part of the system of levees necessary
to be built and erected for the new district, that they,
the said commissioners, would ascertain the quantity
of said 'Old Levee' and allow and credit defendant and
each of said 'Old Levee' owners on such assessments
and benefits as should thereafter be made, the value
thereof computed per cubic yard at the price the
building of new levees would cost said district.

"That defendant did consent thereto and that in
pursuance of such consent and agreement, said com-
missioners did take, appropriate and use said 'Old
Levee' as a part of the system of levees for said Cap-
Au-Gris Drainage and Levee District.

"That upon the filing of the report of the said
commissioners assessing benefits and damages to the
lands in said new district, defendant filed no excep-
tions or objections thereon on account of said 'Old
Levee,' for the reason that he relied upon the agree-
ment so made and upon assurances then again given
and made to defendant and other 'Old Levee' owners
by said commissioners that the value of defendant
and other 'Old Levee' owners interested in said 'Old
Levee' would thereafter be ascertained in the manner
aforesaid and when so ascertained each 'Old Levee'
owner would receive credit on his assessments for his
share or part of such value.

"That frequently thereafter, and while the work
of building levees for said new district was in progress,
said commissioners promised to have the said 'Old

Levee' measured and its value fixed, as agreed, and to credit defendant the proportionate part thereof according to length over and on his land. That such promises continued up to the year 1898, the defendant all the time insisting to said commissioners that they have said 'Old Levee' measured and its value fixed. That said commissioners instead of doing so delayed said measurement and valuation upon one pretext and another but all the time assuring defendant that they would do so; and defendant says that it has now been nearly four years since the completion of the work on said new levee; and that so far no measurement or valuation of said 'Old Levee' has been made and that their failure and neglect to so measure and value said 'Old Levee' after such a length of time amounts to a refusal now to do so. That all the available funds in the hands of said commissioners and all funds in prospect have been exhausted and expended, and that said commissioners have not now and cannot obtain by any legal proceeding the necessary funds to pay for said 'Old Levee,' and that by reason thereof the defendant has no remedy at law for the collection of the amount of the value of said 'Old Levee' so used and appropriated by said commissioners. That the value of said 'Old Levee' so belonging to defendant is the sum of ———— dollars.

"That F. D. Brown, collector of revenue of Lincoln county, Missouri, at whose relation and to whose use this suit is commenced, has no interest individually or as an officer in the subject-matter of the suit, and is made plaintiff herein only because of the requirements of the statute, but that all interest herein is in the alleged Cap-Au-Gris Drainage and Levee District.

"Defendant says that by reason of the failure and neglect of said commissioners to measure and ascertain the value of said 'Old Levee' and the defendant's interest and property therein, he has been deprived and denied credit on said assessments so sued for in

said —— counts, and that it would now be inequita-ble and unjust to permit plaintiff to recover judg-ments on said —— counts, and to have the same charged against defendant's lands without first ascer-taining the value of defendant's interest and property in said 'Old Levee,' and when so ascertained to allow the amount thereof as a credit and payment on said assessments as agreed.

"Wherefore, defendant prays the court that if it should be found that defendant is indebted on said —— counts, or either of them, that the court will also ascertain and adjudge the value of the defendant's interest in said 'Old Levee' and will apply such value as a credit and payment on such assessments, and for such other relief as may be proper in the prem-ises."

The reply in this is the same as it is in that case.

The trial court on motion struck out the fore-going allegations from the answer, and defendant duly excepted; and notwithstanding the action of the court in so striking out that portion of the answer, defendant nevertheless offered to introduce evidence which tended to prove the same, which upon objection being made was excluded, and counsel duly excepted.

The findings and judgment of the trial court were for the plaintiff upon all the counts in the petition.

Defendant duly prosecuted an appeal to this court.

## OPINION.

I. It is insisted by defendant that the trial court erred in striking out portions of his answer and in not permitting him to show the terms of the contract alleged to have been made by and between him and some of the promoters of the organization of the drainage district. He alleges in his answer that prior to the organization of the Cap-Au-Gris Drainage and

Levee District he had at a cost of several hundred dollars constructed an old levee along a part of the present route of the present levee, which practically protected his lands from the overflows complained of, and that in order to induce him to sign the petition the promoters of the present organization agreed with him that if he would sign the petition they would allow him upon the benefits assessed against his lands for the construction of the new levee the reasonable value of the old levee previously constructed, and that relying upon that promise and agreement he signed the petition asking for the improvements. Defendant offered evidence tending to prove those allegations, which was on objection made by plaintiff excluded. To that action of the court defendant duly excepted.

None of the cases cited by counsel for defendant sustain their contention regarding the question in hand. Those cases authorize the defendant when sued on a special tax-bill to set off a debt due him from the owner of the tax-bill. [Kansas City to use v. Ridenour, 84 Mo. 253.] The facts of that case are so different from the facts of this we are unable to see in what way it lends support to defendant's contention.

In the case at bar neither the collector of revenue of Lincoln county, nor the Cap-Au-Gris Drainage and Levee District, is the owner of the taxes sued for in this case. It was not organized for gain or profit for itself, has no capital, and does not assess or collect the tax in question for its own use or benefit, but for the purpose of paying for the labor done and materials furnished in constructing the improvements. The taxes sued for, in reality, belong to the persons who performed the labor upon and furnished the materials which went into the levees and ditches, or to persons who advanced the money with which the labor and materials were paid for. If, therefore, we should allow the set off contended for by defendant in this case, then the owner of the taxes and not the parties who

made the contract with defendant would have to pay for the old levee. In other words, we would be making one man pay the debt of another. No court should tolerate or sanction so unjust a proposition.

It is useless for us to attempt to point out in this case how defendant should have proceeded in order to have protected his rights under the contract while the district was being organized, and the assessment made, or to suggest what his remedy now is, if any, for the breach of that alleged contract. It is sufficient for us here to say that his present attempt to set off his damages against the collector who has no interest in the taxes and is only suing as a trustee for the true owner of the taxes, cannot be done in this case.

All other questions involved in this case are determined in the Wilson case, supra.

We are, therefore, of the opinion that the judgment was for the right party, and should be affirmed. It is so ordered.

All concur.